OPINION
{¶ 1} Defendant-appellant Shaun Stumbo appeals from the trial court's order of November 18, 2002, wherein the trial court denied Stumbo's motion to terminate post-release control.
 {¶ 2} In 2001, Stumbo pled no contest to one count of Engaging in a Pattern of Corrupt Activity and to one count of Conspiracy to Engage in a Pattern of Corrupt Activity. He was found guilty on both counts, and was sentenced to three years imprisonment on each count, to be served concurrently.
 {¶ 3} In January 2002, Stumbo filed a motion for judicial release, which the trial court denied. On November 12, 2002, Stumbo filed the motion that is the subject of this appeal. This was a motion to terminate post-release control. The trial court overruled this motion by entry filed November 18, 2002, noting that Stumbo had not been released, so that he was not subject to post-release control. This appeal is from the order of the trial court denying Stumbo's motion to terminate post-release control.
 {¶ 4} Stumbo's assigned counsel has filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, wherein counsel has informed the court that he can find no claim of error having arguable merit. By order of this court entered October 8, 2003, we informed Stumbo that anAnders brief had been filed on his behalf, and granted him sixty (60) days within which to file his own pro se brief. He has not done so.
 {¶ 5} Pursuant to Anders v. California, supra, we have independently reviewed the record in this case.
 {¶ 6} We have found no claims of error having arguable merit. By his motion, Stumbo sought to terminate post-release control. At the time of his motion, and at the time of the trial court's order, Stumbo was not subject to post-release control, being still incarcerated pursuant to his original sentence. The trial court could hardly be expected to terminate post-release control that did not exist.
 {¶ 7} We conclude that this appeal is wholly frivolous. Accordingly, the order of the trial court denying Stumbo's motion to terminate post-release control, from which this appeal is taken, is affirmed.
Brogan and Grady, JJ., concur.